IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 931 WOOD BROOK LAND TRUST, and DAVID M. WETHY, § § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | 3:13-CV-2554-G-BK |
| § | | |
| HUGHES WATTERS & ASKANASE, et al., § § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff David M. Wethy, a trustee proceeding *pro se*, filed this action on behalf of the 931Wood Brook Land Trust. For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

On July 9, 2013, the Court issued a deficiency order advising that, insofar as the 931 Wood Brook Land Trust sought relief in this action, the complaint failed to comply with Rule 11(a) of the Federal Rules of Civil Procedure. The Court thus required Plaintiffs to submit an amended complaint signed by a licensed attorney by July 23, 2013. The Court also ordered the Trust to pay the $400 filing fee, and Wethy to either pay the $400 filing fee or submit an application to proceed *in forma pauperis* by July 23, 2013. As of the date of this recommendation, however, Plaintiffs have not responded to the Court's deficiency order or requested an extension of time to do so.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiffs have been given ample opportunity to respond to the Court's deficiency order. They have impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED August 19, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE